

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

ALEXANDER RAYMOND GESSA,

    Petitioner,

v.

JOSE VAZQUEZ, Warden,

    Respondent.

CIVIL ACTION NO. CV204-210

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Alexander Raymond Gessa ("Gessa"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), has filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C.A. § 2241. Respondent filed a Response. Gessa filed a "Traverse And Reply" and Motion For Summary Judgment to which Respondent filed a Response. For the reasons set forth below, this Petition should be **GRANTED**.

## STATEMENT OF THE CASE

On August 11, 1989, Gessa was sentenced in the United States District Court for the Middle District of Tennessee, receiving 30 years' imprisonment and 5 years' supervised release for continuing a criminal enterprise, in violation of 21 U.S.C. § 848. His projected release date is February 19, 2015.[1] (Dkt. No. 6, Ex. 1, p. 1.)

---

[1] This date includes anticipated good time credit. (Dkt. No. 6, Ex. 1.)

AO 72A
(Rev. 8/82)

Gessa alleges that during disciplinary proceedings prison officials infringed upon his due process rights by failing to timely serve him with an incident report, holding him liable for violating a vague prison policy, determining that he was guilty when the evidence did not support such a finding, and sanctioning him for conduct that was not expressly prohibited. (Petition, p. 4.) Additionally, Gessa asserts that the Disciplinary Hearing Officer ("DHO") committed an *ex post facto* violation by sanctioning him for conduct which was admittedly a "loop hole" in the prison's telephone policy. (Petition, Attach., p. 6.) Gessa contends that the Bureau of Prisons ("BOP") should be directed to expunge the incident report from his records and restore his good time credit. (Petition, Attach., p. 7.)

Respondent asserts that Gessa's due process rights were not violated during the disciplinary process because he received the procedural protections called for in Wolff v. McDonnell, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed.2d 935 (1974). Also, Respondent contends that the conduct for which Gessa was disciplined was clearly prohibited. Specifically, Respondent avers that because Gessa knew that actions done to circumvent the telephone monitoring system violated prison policy, he had notice that his call was prohibited. Finally, Respondent asserts that the DHO's finding that Gessa was guilty is supported by "some evidence," and this Court must defer to that decision. (Dkt. No. 6, pp. 7-13.)

## DISCUSSION AND CITATION TO AUTHORITY

Prisoners may not be deprived of statutory "good-time credits" without the minimum requirements of procedural due process. Wolff, 418 U.S. at 558, 94 S. Ct. at 2976. Constitutionally adequate process requires compliance with the minimum due process

2

protections afforded to an inmate in prison disciplinary proceedings: (1) the right to receive written notice of the charges against him at least 24 hours before his hearing; (2) the right to call witnesses and present documentary evidence, where doing so would not be unduly hazardous to institutional safety or correctional goals; and (3) the right to receive a written statement setting forth the disciplinary committee's findings of fact. Id. at 563-66, 94 S. Ct. at 2978-80. In addition, the Supreme Court has held that a finding of "some evidence" in the record to support the decision of a prison disciplinary board is necessary to satisfy the requirements of due process. Superintendent, Massachusetts Corr'l Inst. v. Hill, 472 U.S. 445, 455, 105 S. Ct. 2768, 2774, 86 L. Ed.2d 356 (1985). The determination as to whether this standard is satisfied requires an inquiry into "whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." Id. (emphasis added).

**Gessa's Claim That His Due Process Rights Were Violated.**

On February 25, 2004, at 12:30 p.m., Gessa placed a telephone call from the C-B Housing Unit at FCI Jesup to telephone number (954)442-2155. During that call, Gessa spoke with his son-in-law. While talking with Gessa, his son-in-law was also engaged in a conversation via cell phone with Gessa's daughter.[2] (Petition, Ex. A; Dkt. No. 6, Ex. 2.)

On March 15, 2004[3], Gessa received a copy of the incident report which provided that he was being subjected to disciplinary proceedings for violating BOP Code 297,

---

[2]Respondent alleges that a stock transaction occurred during the conversation. (Dkt. No. 12, p. 3.) Assuming, *arguendo*, that a stock transaction took place during the conversation, this does not impact the Court's analysis of Gessa's due process claim.

[3]The initial incident report was lost during the disciplinary process. The incident report was rewritten on March 15, 2004 and served on Gessa on that date. (Petition, Ex. A.)

AO 72A
(Rev. 8/82)

Unauthorized Use of The Telephone. (Petition, Ex. A; Dkt. No. 6, Ex. 2.) BOP Code 297, a high category charge, prohibits the

> [u]se of the telephone for abuses other than criminal activity (e.g., *circumventing telephone monitoring procedures*, possession and/or use of another inmate's PIN number; *third-party calling*; third-party billing; using credit card numbers to place telephone calls; conference calling; talking in code).

(Petition, Ex. F (emphases added).)[4] The facts supporting the charges are stated in the incident report as follows:

> [T]hat party Gessa was connected to placed another telephone call to another party (third party), and began talking to this third party . . . Although Gessa and this third person were never directly connected, the party Gessa initially called was actively relaying information from this connection with the third party, back to inmate Gessa.

(Petition, Ex. A; Dkt. No. 6, Ex. 2.)

The disciplinary charges were initially reviewed by the Unit Disciplinary Committee ("UDC"). In their report, the UDC recommended that if further investigation revealed that a three way call did not take place, the incident report should be expunged from Gessa's records. (Petition, Ex. B.) On March 17, 2004, Gessa came before the DHO with a staff representative. At the hearing, Gessa conceded that during the February 25, 2004 telephone call his son-in-law relayed messages between him and his daughter. Gessa testified, however, that there was never a "three-way connection." (Petition, Ex. C., p. 1.) Gessa further testified that he was not aware that the call violated the prison's telephone policy. (Id.)

---

[4]Respondent has provided the Court with a copy of the United States Department of Justice, Federal Bureau of Prisons, Institution Supplement Number JES 5264.07B which provides: "No *third party* or credit card calls will be permitted." (Dkt. No. 6, Ex. 3 (emphasis added).) The Supplement does not address the prohibition against circumventing telephone monitoring procedures.

4

The DHO concluded that although Gessa and his daughter were never "directly connected," his son-in-law was relaying information between Gessa and his daughter. (Petition, Ex. C., p. 3.) The DHO further concluded that Gessa "circumvent[ed] the telephone monitoring system by [his] actions. Technically, this was not a 3-way call, or a third party connection, but was seen as a way to get around the policy using a 'loop hole.'" (Id.) The DHO sanctioned Gessa to the loss of 14 days of good time credit and 180 days of telephone privileges. (Id.)

Gessa appealed the DHO's decision by filing a Regional Administrative Remedy Appeal. The Regional Director denied the appeal, concluding that the DHO complied with the BOP regulations, based his decision on the "greater weight of the evidence," and imposed sanctions that were appropriate. (Petition, Ex. E.)

"It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined." Grayned v. City of Rockford, 408 U.S. 104, 108, 92 S. Ct. 2294, 2298, 33 L. Ed.2d 222 (1972). A law is vague when the conduct prohibited is not sufficiently explicit and "persons of common intelligence must necessarily guess at its meaning and differ as to its application." Mason v. Florida Bar, 208 F.3d 952, 958-59 (11th Cir. 2000).

Gessa did not have fair notice that his February 25, 2004 telephone call violated the prison's telephone policy prohibiting the use of the telephone for "circumventing telephone monitoring procedures" and "third party calling." It is likely that "persons of common intelligence" would have to "guess" at the meaning of these prohibitions. See Mason, 208 F.3d at 958-59. Moreover, it is not unreasonable to believe that Gessa was not aware that the telephone call with his son-in-law violated these prohibitions. In sum, Gessa was

5

sanctioned for conduct that was not expressly prohibited and for which he did not otherwise have notice. Imposing discipline on Gessa without providing him with notice of what conduct was prohibited infringed upon his due process rights. Therefore, Gessa's disciplinary conviction should be vacated, the disciplinary conviction expunged from his record and his good time credit should be restored.

## CONCLUSION

For the reasons stated above, it is my **RECOMMENDATION** that Gessa's Petition for Writ of Habeas Corpus (Dkt. No. 1), filed pursuant to 28 U.S.C.A. § 2241, be **GRANTED**.

**SO REPORTED AND RECOMMENDED**, this 29th day of July, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

# United States District Court
## *Southern District of Georgia*

GESSA
_____ )

vs ) CASE NUMBER CV204-210

VAZQUEZ
_____ ) DIVISION BRUNSWICK

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 7/29/05, which is part of the official record of this case.

Date of Mailing: 7/29/05

Date of Certificate  [X] same date,  or _____

Scott L. Poff, Clerk

By: _____
Sherry Taylor, Deputy Clerk

Name and Address

Alexander Gessa, 34283-004, FCI Jesup, 2680 Highway 301 S, Jesup, GA 31599
Delora Kennebrew

[ ] Copy placed in Minutes
[ ] Copy given to Judge
[X] Copy given to Magistrate