# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

ALEXANDER RAYMOND GESSA,

    Petitioner,

v.

JOSE VAZQUEZ, Warden,

    Respondent.

CIVIL ACTION NO. CV204-210

## ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. Through his Objections, Respondent has submitted "additional evidence and legal arguments" in support of his position. (Doc. No. 17, p. 2.) Respondent requests that this matter be referred back to the Magistrate Judge or that Gessa's petition for writ of habeas corpus be denied based on this supplemental evidence. Both of Respondent's requests are **DENIED**.

Respondent asserts that the Bureau of Prisons ("BOP") has legitimate penological objectives for its prohibition against inmate circumvention of the telephone monitoring system. Respondent also asserts that the BOP has specific regulations prohibiting third party calling, three way calling, and other inmate conduct which constitutes circumvention of the phone monitoring system. Respondent further asserts that the BOP provided

sufficient notice to Gessa that the conduct he was engaged in, which the Respondent alleges was a third party call through an intermediary, was prohibited conduct subject to sanctions.

Respondent submitted documentation in support of his position, both in his Response to Gessa's Petition and in his Objections to the Magistrate Judge's Report. This documentation reveals that "No third party . . . calls will be permitted." (Doc. No. 6, Resp't Ex. 3, p. 4; see also Doc. No. 17, Resp't Ex. 4, p. 2.) This documentation also reveals that "Three-way/third party calls are strictly prohibited. [Inmates] are not allowed to use or call any service or telephone number which either manually or automatically forwards the call to another number." (Doc. No. 17, Resp't Ex. 4, p. 7.) Based on the record before the Court, this is the only information the Court has at its disposal regarding the BOP's policy pertaining to three-way or third party calling.

The undersigned concurs with the Magistrate Judge's finding that Gessa did not have fair notice that his February 25, 2004, phone call to his son-in-law violated the institution's telephone policy; the provisions pertaining to three-way or third party calling are vague at best. Additionally, the undersigned concurs with the Magistrate Judge's finding that Gessa was sanctioned for conduct that was not expressly prohibited. Respondent does not contend that the number Gessa called was not on his authorized numbers list. Nor does Respondent contend that Gessa asked his son-in-law to initiate a phone call to his daughter. Further, there is no evidence before the Court that the BOP had prohibited contact between Gessa and his daughter. In sum, the undersigned fails to realize how Gessa's actions circumvented the institution's telephone policy. The discipline imposed upon Gessa as a result of his alleged violation of the institution's telephone policy is

AO 72A
(Rev. 8/82)

violative of his due process rights. The Court recognizes the BOP's need to have a telephone policy in place. However, the "need" to sanction Gessa for any improper information which may have passed between Gessa and his daughter, via his son-in-law, was obviated by the fact that this telephone call was monitored by institutional staff. (Doc. No. 6, Resp't Ex. 2, p. 5.)

The Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court. Gessa's petition for writ of habeas corpus, filed pursuant to 28 U.S.C.A. § 2241, is **GRANTED**. The Bureau of Prisons is directed to vacate Gessa's disciplinary conviction, expunge the conviction from his record, and restore the fourteen (14) days of good conduct time which were taken from Gessa. The Clerk is hereby authorized and directed to enter the appropriate Judgment of dismissal.

**SO ORDERED**, this 22 day of Sept., 2005.

JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)